an instruction as to an ordinance providing that no vehicle shall stop with its left side to the curb, since in such a case the pivotal question is not the position of the wagon before it started to turn but whether it turned onto the track when the car was so close that it could not be stopped.

7.  STREET RAILROADS, § 149*—*when refusal to instruct as to right of way in streets not erroneous.*  In an action to recover for personal injuries to the driver of a wagon, resulting from its being struck by a street car while the driver was attempting to turn around across the car tracks, *held* not error to refuse to instruct the jury that street cars have a superior right over other vehicles upon that portion of the street occupied by the tracks, since such an instruction would have tended to mislead the jury.

8.  DAMAGES, § 124*—*when verdict for broken leg not excessive.*  A verdict for $5,000 for injuries sustained by a teamster, resulting from a collision with a street car, consisting of a compound fracture of both bones of the left leg above the ankle and making him a cripple for life, *held* not excessive.

---

## Ernest Ellenbogen, Appellee, v. Frankfort General Insurance Company, Appellant.

### Gen. No. 22,452.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the March term, 1916. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed November 27, 1916.

### Statement of the Case.

Action by Ernest Ellenbogen, plaintiff, against Frankfort General Insurance Company, defendant, for loss under a policy of indemnity insurance and for return of unearned premiums. From a judgment for plaintiff, defendant appeals.

W. C. SHOCKEY and C. W. GREENFIELD, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MOSES, ROSENTHAL & KENNEDY, for appellee; ROBERT BACHRACH, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 150*—*who has authority to receive premium payment.* Where an insurance company delivers a policy to a party, to be delivered to the insured, it thereby clothes such party with authority to receive payment of the premiums, so that the receipt of payment by the party is receipt by the company.

2. INSURANCE, § 151*—*when payment of premium by check to agent is payment to company.* In the absence of evidence that the attention of an insured was called to a recital in a bill for a premium, that checks should be made payable to the company, payment by check made payable personally to an agent delivering the policy, *held* payment to the company.

3. INSURANCE, § 679*—*when insured's knowledge of scope of agent's authority is question for jury.* In an action on an insurance policy, evidence *held* to present a question for the jury as to whether the insured was, by recital in a bill for the premium that payment should be made by check to the company, put upon notice that payment to an agent presenting a bill would be at the risk of the insured.

4. INSURANCE, § 661*—*when evidence shows authority of agent.* In an action on an insurance policy, evidence that the party who delivered the policy to the insured and who received a check in payment of the premium was charged with the premium on the books of the company and credited with the commission, and testimony of the company's manager that only authorized agents were charged with premiums and held accountable therefor, and that he agreed to pay such party a commission for placing the policy, *held* sufficient to justify a finding that such party was an authorized agent of the company.

5. INSURANCE, § 190*—*what constitutes cancellation by insured.* In an action to recover unearned premiums on insurance policies, *held* that the return of the policies by the insured, after refusal of the company to pay a loss, with a request that they be canceled was a cancellation by the insured within the meaning of a provision of the policy, which provided that in such case the amount of premium earned should be calculated according to a certain specified rate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.